UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hassan Mohamed Abdillahi,

        Petitioner,

v.                                              Case No. 16-cv-963 (JNE/HB)
                                              ORDER

Eddie Miles,

        Respondent.

     A jury found Petitioner guilty of second-degree intentional murder. *See* Minn.

Stat. § 609.19, subd. 1 (2014) (amended 2015). He was sentenced to 391 months'

imprisonment. Petitioner appealed, and the Minnesota Court of Appeals affirmed. *State*

*v. Abdillahi* (*Abdillahi I*), No. A09-2011, 2011 WL 691623 (Minn. Ct. App. Mar. 1,

2011), *rev. denied* (Minn. May 7, 2011). Petitioner has since filed four petitions for

postconviction relief in state court. Each has been denied. The Minnesota Court of

Appeals affirmed the denials of the first three. *Abdillahi v. State* (*Abdillahi IV*), No. A16-

0179, 2016 WL 4069294 (Minn. Ct. App. Aug. 1, 2016), *rev. denied* (Minn. Sept. 28,

2016); *Abdillahi v. State* (*Abdillahi III*), No. A14-1795, 2015 WL 4877721 (Minn. Ct.

App. Aug. 17, 2015), *rev. denied* (Minn. Sept. 29, 2015); *Abdillahi v. State* (*Abdillahi II*),

No. A12-1477, 2013 WL 2924900 (Minn. Ct. App. June 17, 2013), *rev. denied* (Minn.

Aug. 20, 2013), *cert. denied*, 134 S. Ct. 1329 (2014). Petitioner's appeal of the denial of

his fourth petition for postconviction relief is currently before the Minnesota Court of

Appeals.

While his appeal of the denial of his third petition for postconviction relief was

pending before the Minnesota Court of Appeals, Petitioner filed a petition under 28

U.S.C. § 2254 (2012) in this Court. He also filed several motions. Respondent filed a

Motion to Dismiss. In a Report and Recommendation dated June 29, 2017, the

Honorable Hildy Bowbeer, United States Magistrate Judge, recommended that

Petitioner's "Motion to Access and for Complete Disclosure of State Witness [A.I.'s]

Suppressed November 6, 2008 Material Pretrial Interview Statements" be denied; that

Petitioner's "Motion for Evidentiary Hearing; Compulsory Process; & Admission of

Hearsay Evidence" be denied; that Petitioner's Motion for Appointment of Counsel be

denied; that Petitioner's Motion-Application for Stay and Abeyance Procedure be denied;

that Respondent's Motion to Dismiss be granted in part and denied in part; that this

action be dismissed with prejudice; and that no certificate of appealability be issued.

Petitioner filed objections.[1] Respondent did not respond. The Court has conducted a de

novo review of the record. *See* D. Minn. LR 72.2(b). Based on that review, the Court

accepts the recommended disposition subject to the following discussion.

*Grounds eight, nine, and ten*

In grounds eight, nine, and ten of his § 2254 petition, Petitioner asserted claims of

ineffective assistance of counsel. The Report and Recommendation stated that the claims

were raised in a pro se supplemental brief on direct appeal, that the Minnesota Court of

---

[1]      On August 16, 2017, the Court received Petitioner's objections, which exceeded
the increased word limit set on August 8, 2017, as well as his "Motion for Additional
Time to File and Serve Completed Objections and Application for C.O.A." He sought
additional time to comply with the word limit. The Court grants his motion for additional
time and regards the objections received on August 24, 2017, as Petitioner's objections.

Appeals rejected them, and that the claims failed to satisfy the standard imposed by

§ 2254(d)(1). Petitioner objected, asserting that the state courts did not address the merits

of these claims and that the Report and Recommendation erroneously applied § 2254(d)

to them. Even if § 2254(d) does not apply and the claims are subject to de novo review,

*see Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010); *cf. Abdillahi IV*, 2016 WL

4069294, at *2; *Abdillahi III*, 2015 WL 4877721, at *5, the claims fail for the reasons set

forth in the Report and Recommendation.

*Ground twelve*

According to Petitioner, the Report and Recommendation mischaracterized the

claim asserted in ground twelve of his § 2254 petition and addressed "an entirely

different claim than that raised by" him. In ground twelve, Petitioner asserted that his

appellate counsel's "materially limited representation precluding postconviction

proceedings created a conflict of interest that impeded Petitioner's ability to stay the

direct appeal in order to pursue postconviction proceedings first." In his first

postconviction petition, the state court rejected this claim: "The Court finds [appellate

counsel's] testimony credible, and finds that the scope of his representation of Petitioner

did not give rise to a conflict of interest." The Minnesota Court of Appeals affirmed:

> [Petitioner] also argues that [appellate counsel] did not adequately
> seek a stay of the appeal and remand to the district court for an evidentiary
> hearing on whether [Petitioner's] trial counsel was ineffective. [Appellate
> counsel's] certificate of representation expressly limited his representation
> to the appeal before this court and [Petitioner] cannot show he was
> prejudiced by [appellate counsel's] alleged disinterest in seeking a stay of
> appellate proceedings, as no less than three unsuccessful motions for a stay
> were filed with this court.

. . . .

[Petitioner] has the burden of proving facts supporting relief, but the evidence in support of his claims is minimal and the district court explicitly found [appellate counsel's] testimony credible. On this record, substantial evidence supports the district court's findings that a conflict of interest did not affect [appellate counsel's] representation.

*Abdillahi II*, 2013 WL 2924900, at *6.

Petitioner has not demonstrated that the state court's resolution of his claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). Nor has he demonstrated that the state court's resolution of his claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state court. *See id.* § 2254(d)(2).

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Petitioner's Motion to Access and for Complete Disclosure of State Witness [A.I.'s] Suppressed November 6, 2008 Material Pretrial Interview Statements [Docket No. 14] is DENIED.

2. Petitioner's Motion for Evidentiary Hearing; Compulsory Process; & Admission of Hearsay Evidence [Docket No. 15] is DENIED.

3. Petitioner's Motion for Appointment of Counsel [Docket No. 44] is DENIED.

4. Petitioner's Motion-Application for Stay and Abeyance Procedure [Docket No. 45] is DENIED.

5. Petitioner's Motion for Additional Time to File and Serve Completed Objections and Application for C.O.A. [Docket No. 60] is GRANTED.

4

6.      Respondent's Motion to Dismiss [Docket No. 34] is GRANTED IN PART and DENIED IN PART as follows:

      a.      The motion is DENIED insofar as Respondent seeks dismissal of the entire action without prejudice as a "mixed" petition.

      b.      The motion is GRANTED insofar as the claims in Petitioner's amendment to the habeas petition are procedurally defaulted.

7.      This action is DISMISSED WITH PREJUDICE.

8.      A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 12, 2017

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge